UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASANE KHAMTHONG,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-09152-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 2)

On November 5, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging her detention by United States Immigration and Customs Enforcement (“ICE”). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On November 6, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that they have to the court’s intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On November 10, 2026, respondent filed an opposition to the pending motion. (Doc. No. 6.) Therein, respondent notes that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) because ICE revoked his order of supervision ("OSUP") upon a finding of "changed circumstances in his case and there is a significant likelihood of removal in the reasonably future."[1] (*Id.* at 3.) Respondent has not indicated that it opposes this court ruling directly on the merits of the petition, and the court will do so.

Based on the parties' submissions, the court finds the following facts. On or about March 27, 1991, petitioner was admitted into the United States as a refugee. (Doc. No. 6 at 8.) On or about May 22, 2001, petitioner was ordered removed from the United States by an immigration judge. (*Id.* at 8, 11.) On or about June 10, 2002, petitioner was released from ICE custody on OSUP after his removal could not be effectuated. (*Id.* at 14.) On or about October 28, 2026, petitioner was re-detained at a scheduled ICE check-in. (*Id.* at 6.) ICE served petitioner with a notice of revocation of release, which states that petitioner's OSUP was revoked based upon a finding of changed circumstances and that there is a "significant likelihood of removal in the reasonably foreseeable future." (*Id.* at 14–15.) Respondent states that DHS requested a travel document for petitioner on November 4, 2026. (*Id.* at 2.)

As the court previously explained in *Artemenko v. Warden of Golden State Annex Ice Det. Facility*, No. 1:25-cv-01943-DAD-AC, 2026 WL 523670, at *2–3 (E.D. Cal. Feb. 25, 2026), where, as here, the petitioner is ordered removed, released from immigration custody, and re-detained at a later date it is the government that bears the burden of establishing that petitioner's removal is reasonably foreseeable. Respondent has advanced no argument in this regard.

---

[1] Respondent states that this "matter differs from the cases the court cited in its minute order since Petitioner is not detained pursuant to 8 USC § 1226(a) but is detained pursuant to 8 USC § 1231(a)(6)." (Doc. No. 6 at 1–2.) However, *Yang* is among the cases listed in the court's prior order and involves a petitioner who was previously released on OSUP after he was ordered removed, thereby implicating § 1231(a)(6). This is not the first time that respondent's counsel has distinguished a case based upon facts that are present in cases cited by the court's order. Indeed, the court recently requested that this same attorney "carefully read the court's orders and any cases cited therein" before stating how those cases are distinguishable. *See Cardenas Perez v. Warden of the Cal. City Det. Ctr.*, 1:26-cv-08814-DAD-CKD, Doc. No. 7 at 2 n.1 (Nov. 3, 2026). Once again, the court asks government counsel to take corrective action.

Accordingly, for the reasons explained by the undersigned in *Artemenko*, 2026 WL 523670, at *2–4, the court concludes that petitioner's re-detention is unlawful and will order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to immediately release petitioner Pasane Khamthong, A-File No. 071-456-033, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about October 28, 2026;
   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before a neutral adjudicator;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE